# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75764-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| AKIEL TROY TAYLOR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: December 18, 2017 |
| | ) | |

PER CURIAM — Akiel Taylor appeals the judgment and sentence entered following his guilty plea to second degree assault, domestic violence, and witness tampering, domestic violence. Taylor's counsel on appeal contends, and the State concedes, that the superior court failed to exercise its discretion when it treated Taylor's presentence motion to recuse for actual prejudice as an untimely affidavit of prejudice. The parties agree that the matter must be remanded for the superior court to exercise its discretion on the motion to recuse for actual prejudice. Taylor's counsel also contends, and the State again concedes, that the superior court abused its discretion in denying Taylor's motion to withdraw his plea without addressing his challenge to the plea's factual basis. We accept the State's concessions and remand for the court to first exercise its discretion on the motion to recuse.

If the court on remand denies the motion to recuse, it will then rule on Taylor's argument that his plea lacked an adequate factual basis.

If the court grants the motion to recuse, a new judge will hear Taylor's motion to withdraw his plea. If the new judge denies the motion to withdraw the plea, the matter will proceed to a new sentencing hearing. If the new judge grants the motion, Taylor will receive a new trial.

Taylor has also filed a statement of additional grounds for review, arguing primarily that he received ineffective assistance of counsel prior to his plea and/or that he was misinformed as to the direct consequences of his plea. These arguments generally mirror the arguments asserted in Taylor's motion to withdraw his guilty plea below. Because we are remanding for proceedings that may result in a new judge hearing Taylor's motion to withdraw his plea, review of the plea-related arguments in his SAG is premature. Taylor's SAG also alleges that the superior court never ruled on his motions for sanctions and to dismiss for government misconduct under CrR 8.3. If that is the case, the court is directed to address those claims on remand as well.

Remanded for proceedings consistent with this opinion.

For the Court:

Cox, J.

Leach, J.          Schindler, J.

2